849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard MELKUS, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1681.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1988.
 
 Before LIVELY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from an order of the district court affirming the Secretary's denial of social security disability benefits. The parties having waived oral argument, the case was submitted on the administrative record, the proceedings in the district court and briefs.
 
 
 2
 This is the plaintiff's second application for social security disability benefits. The first was filed July 20, 1979, and the plaintiff failed to request reconsideration from its denial within sixty days. In addition to filing a second application for benefits on July 29, 1984, the plaintiff filed an untimely request for reconsideration. The administrative law judge (ALJ) found that the plaintiff had not established good cause for failing to file his request for reconsideration within the sixty-day period permitted by law and denied that request. Following a hearing the ALJ denied the second application for benefits and the plaintiff appealed to district court. The magistrate who considered cross-motions for summary judgment concluded that the plaintiff was entitled to benefits on his second application, but agreed with the ALJ that the plaintiff had failed to establish good cause for an untimely request for reconsideration of the first application. The plaintiff filed exceptions to the latter portion of the magistrate's report and recommendation, and the Secretary filed no exceptions. Nevertheless, upon examination of the record, the district court disagreed with the magistrate on the merits of the second application and found that the ALJ's decision which was affirmed by the Appeals Council was supported by substantial evidence.
 
 
 3
 The plaintiff is now forty years old and had polio as a child. He is a high school graduate with an associate degree in technical and commercial art who worked as a keyliner from October 1968 until sometime in 1975 and as a technical illustrator from April 1977 to August 1978. He alleges an onset of disability as of December 21, 1978, and has not engaged in any substantial gainful activity since that date. The plaintiff's insured status expired March 31, 1981.
 
 
 4
 The ALJ found that medical evidence established that plaintiff has a severe musculoskeletal impairment arising from the condition of his back and residuals from polio but that he does not have an impairment or combination of impairments listed in Appendix 1 Subpart P. He found the plaintiff's complaints of severe, disabling pain not fully credible and not substantiated by objective medical evidence or the ALJ's own observations during the hearing. The ALJ found that the plaintiff is unable to perform his past relevant work but that he retains the residual functional capacity to perform work not requiring prolonged standing, walking, stooping, or bending and heavy lifting so long as he is able to sit or stand as needed during the work day.
 
 
 5
 The ALJ recognized that the plaintiff's exertional limitations do not allow him to perform a full range of sedentary work. Nevertheless, largely on the basis of the testimony of a vocational expert, the ALJ concluded that there are a significant number of jobs in the national economy which the plaintiff could perform and, accordingly, that the plaintiff is not disabled. The ALJ commented that medical evidence was rather limited because the plaintiff had never been regularly treated by a doctor. However, the plaintiff testified that he had learned with the help of a chiropractor to "crack his own back" when something in his low back slips out of position. Furthermore, the plaintiff did see Dr. LaBan, who is certified by the American Board of Physical Medicine and Rehabilitation, on several occasions. Dr. LeBan stated that the plaintiff is disabled from any activities requiring repetitive stooping or bending and that he should avoid activities requiring prolonged standing or prolonged walking. There was no medical evidence to the contrary.
 
 
 6
 Since the ALJ found that the medical evidence establishes that the plaintiff had a severe impairment arising from the condition of his back and residuals from polio and that these impairments prevent him from performing a full range of even sedentary work, the question is whether substantial evidence supports the ALJ's determination that the plaintiff's limited physical capacities permit him to perform a sufficiently broad range of sedentary work to support the finding that he is not disabled.
 
 
 7
 In Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.1985), this court held that when the record establishes that a claimant cannot sit or stand for long intervals but must be able to move about as she finds necessary, and a treating doctor has stated that the claimant should limit lifting, stooping and prolonged sitting or standing, that person is not capable of performing sedentary work. Sedentary work contemplates substantial sitting as well as some standing and walking but seldom permits alternate sitting and standing to accommodate physical limitations, particularly severe impairments of the back.
 
 
 8
 The judgment of the district court is reversed. The case is remanded with directions that it be further remanded to the Secretary for determination of the benefits to which the plaintiff is entitled.